UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LUIS A. TOLEDO,

        Plaintiff,

v.                                    Case No. 3:24-cv-1317-MMH-PDB

RICKY DIXON, et al.,

        Defendants.

_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Luis A. Toledo, initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Complaint; Doc. 1).[1] The Court identified some deficiencies in Toledo's Complaint and ordered him to file an amended complaint if he wished to proceed with his claims. See Order (Doc. 6). Toledo now proceeds as a pauper on an Amended Complaint (Amended Complaint; Doc. 12).

In the Amended Complaint, Toledo names eight Florida Department of Correction (FDOC) employees as defendants in their individual and official capacity: (1) Ricky Dixon, Secretary; (2) Z. Culpepper, Secretary's Representative; (3) A. Johns, Secretary's Representative; (4) Buchannon, State

_____

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

Classification Officer; (5) Cristina Crews, Assistant Warden; (6) J. Lindsey, Chief of Security; (7) A. Cochran, State Classification Officer; and (8) Lisa Delk, "S.C.L. Officer". See Amended Complaint at 2–4. Toledo alleges that on July 28, 2024:

> Another inmate learned of the bounty and stabbed the plaintiff in the hand. Where the plaintiff was able to detour the weapon and led to hav[]ing to stab[] the other inmate as he tried to retri[e]ve the weapon. Staff ignored the plaintiff['s] plea for safety. And to cover up their negligence had the plaintiff involuntarily removed from permanent protection and placed back into general population where the plaintiff is at risk of imminent danger, great bodily harm[,] and death.

Id. at 8. According to Toledo, Defendants Crews, Lindsey, Cochran, Delk, and Buchannon all disregarded FDOC policy by involuntarily removing Toledo from permanent protection to "cover up" FDOC employees' negligence. Id. at 6–7, 11. He asserts Defendant Johns "broke policy by not enforcing the proper policy and placing [Toledo] back into protection" and by denying his grievances. Id. Toledo states Defendant Culpepper did not allow Defendant Dixon to see Toledo's grievances or share with him "the knowledge that staff [were] breaking policy by involuntarily removing" Toledo from protection. Id. at 7. Lastly, Toledo states Defendant Dixon failed to respond to his grievances. Id. As relief, Toledo seeks medical treatment, monetary damages, injunctive relief, and to be placed in protection permanently or given an interstate transfer. Id. at 5.

2

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure,

3

and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701,

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

4

705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"

which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Toledo's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Liberally read, Toledo fails to state a plausible § 1983 claim. Initially, the Court finds Toledo has failed to state a claim for relief against any Defendant in his or her official capacity. "[W]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an action against the entity to which an officer is an agent." Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) (internal quotations and citations omitted). Thus, a suit against Defendants in their official capacities

6

is equivalent to suing the FDOC itself. To proceed on such a claim, a plaintiff must allege that a policy, custom, or practice of the FDOC was the "moving force" behind any alleged constitutional violation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693–94 (1978) (concluding that municipal liability under § 1983 occurs "when execution of a government's policy or custom" is "the moving force" behind the constitutional violation). Here, Toledo does not allege that a policy, custom, or practice of the FDOC was the moving force behind his alleged constitutional violations. To the contrary, Toledo states that it was the violation of policy that caused his injuries. And violations of state law or administrative procedures are not constitutional violations actionable under § 1983. See 42 U.S.C. § 1983; see also Magluta v. Samples, 375 F.3d 1269, 1279 n.7 (11th Cir. 2004) ("[T]he procedural requirements set out in [a state] regulation are not themselves constitutional mandates."). Therefore, all official capacity claims are due to be dismissed.

Further, Toledo's allegations fail to state a plausible claim for relief under the Eighth Amendment against any individual Defendant. The Eighth Amendment prohibits conditions of confinement that "involve the wanton or unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). It further requires prison officials to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). It is "[a] prison official's 'deliberate indifference' to a substantial risk of serious

7

harm to an inmate [that] violates the Eighth Amendment." Id. at 828 (citations

omitted). The deliberate indifference standard requires the plaintiff to

demonstrate that the prison official "was subjectively aware" of a risk of harm;

mere negligence is insufficient. Id. at 829, 835-36. The Eleventh Circuit has

explained the requirement of deliberate indifference to a substantial risk of

harm as follows:

> To succeed on a failure-to-protect claim, a plaintiff must satisfy three elements. First, the plaintiff must show that [he] was "incarcerated under conditions posing a substantial risk of serious harm." Id. at 834, 114 S.Ct. 1970.[3] Second, the plaintiff must show that the "prison official [had] a sufficiently culpable state of mind," amounting to "deliberate indifference." Id. (internal quotation marks omitted). Third, and finally, the plaintiff must demonstrate causation—that the constitutional violation caused [his] injuries. Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014). . . .
>
> . . . .
>
> Deliberate indifference exists when a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837, 114 S.Ct. 1970. "Deliberate indifference has two components: one subjective and one objective." Mosley v. Zachery, 966 F.3d 1265, 1270 (11th Cir. 2020) (internal quotation marks omitted). A prisoner must establish "both that [1] the defendant actually (subjectively) knew that [the prisoner] faced a substantial risk of serious harm and that [2] the defendant disregarded that known risk by failing to respond to it in an (objectively) reasonable manner." Id. (alterations adopted) (internal quotation marks omitted).

8

Cox v. Nobles, 15 F.4th 1350, 1357-58 (11th Cir. 2021), cert. denied, 142 S. Ct. 1178 (2022).

Here, Toledo's allegations are vague and conclusory. His allegations do not demonstrate that he was "incarcerated under conditions posing a substantial risk of serious harm." Moreover, Toledo's allegations fail to show that any Defendant had subjective knowledge of a substantial risk of harm to him and disregarded it or how any Defendant's actions caused him injury. The only injury Toledo addresses is a stab wound to the hand that his assertions demonstrate occurred prior to Toledo's removal from protection. See Amended Complaint at 6, 8. Accordingly, Toledo's bare-bones allegations do not permit the inference that Defendants knew of a substantial risk of serious harm to Toledo, disregarded it, and caused him injury. As such, Toledo has failed to state any viable claim.

Additionally, to the extent Toledo asserts Defendant Johns, Culpepper, and Dixon violated his constitutional rights by ignoring or failing to adequately address his grievances, Toledo fails to state a claim. Initially, Toledo cannot state any such claim against Defendant Dixon where according to his own allegations, Defendant Culpepper did not allow Defendant Dixon to see Toledo's grievances. See Amended Complaint at 7. Thus, if Defendant Dixon never saw the grievances or had knowledge of them, he cannot be said to have ignored them.

9

Moreover, not addressing a grievance in the manner a prisoner would like, without more, does not render an individual liable for the underlying constitutional violation. See Jones v. Eckloff, No. 2:12-cv-375-FtM-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) ("[F]iling a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." (collecting cases)).

There are circumstances in which a defendant's failure to act in response to an inmate's grievance amounts to a constitutional violation, see Goebert v. Lee Cnty., 510 F.3d 1312, 1327–29 (11th Cir. 2007) (finding that a defendant's lack of action in response to an inmate's written complaint amounted to deliberate indifference and the delay attributable to the defendant's deliberate indifference may have caused the inmate's injury). In Goebert, a pregnant pretrial detainee submitted a medical complaint form, wherein she requested to see an obstetrician or a doctor outside of the county jail. 510 F.3d at 1318. The plaintiff alleged in her complaint that she had leaked amniotic fluid for approximately nine days, she had not felt any movements from her baby, and she had a history of miscarriages. Id. The defendant, a facility commander, responded that medical could arrange an appointment at her expense, despite plaintiff noting in her complaint that medical staff had "ignored her daily requests for aid and had already failed to set up an appointment for her with

10

an outside obstetrician." Id. at 1328. In finding that the defendant was not entitled to summary judgment, the Eleventh Circuit noted that the inmate's written complaint contained sufficient information to provide the defendant with subjective knowledge of her serious medical need, and his failure to take action in response to her complaint because he did not believe her amounted to deliberate indifference. Id. at 1327–28.

But the facts of this case are distinguishable from those in Goebert. The defendant in Goebert completely disregarded his duty to investigate the inmate's time-sensitive serious medical complaints, because he "automatically disbelieve[d] all inmate statements about medical care." Id. at 1328, 1329. Here, Toledo's grievance was not ignored. He acknowledges he received a response to the grievance; it was "denied." Amended Complaint at 10. Toledo simply disagrees with the denial, but his disagreement does not rise to the level of a constitutional violation.

Moreover, inmates have "no constitutionally protected liberty interest in access to the prison's grievance procedure." Moore v. McLaughlin, 569 F. App'x 656, 659 (11th Cir. 2014) (citing Bingham, 654 F.3d at 1177; Grayden v.

11

Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003));[3] see Charriez v. Sec'y, Fla. Dep't of Corr., 596 F. App'x 890, 895 (11th Cir. 2015) (finding the district court did not err in dismissing the plaintiff's claim that the defendants "had violated his constitutional due-process rights by failing to take corrective action during the appeal of the suspension of his visitation privileges[ b]ecause the prison grievance procedure does not create a protected liberty interest"); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (finding the plaintiff failed to state a claim because he merely "alleged that his prison grievances were either ignored or wrongly decided or that prison officials did not properly follow the prison's own grievance procedures"). Thus, to the extent Toledo alleges that Defendants denied him due process in the grievance procedure, such allegations fail to state a claim.

In light of the foregoing, this case will be dismissed without prejudice for Toledo's failure to state a claim. Toledo may refile his claims with factual allegations sufficient to support a claim for relief if he elects to do so.[4] Notably,

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[4] The Court notes that the claims Toledo seeks to assert stem from an incident occurring on July 28, 2024. As such, at this time, the refiling of his claims would not be barred by the applicable statute of limitations. However, Toledo is cautioned that timely filing is his own responsibility.

pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

Accordingly, it is

**ORDERED AND ADJUDGED** that**:**

1.      This case is **DISMISSED without prejudice**.

2.      The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of April, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

JaxP-12
C:    Luis Toledo, V11539

13